RECEIVED
IN MONROE, LA
JAN 17 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| DENNIS ROBERTS AND BEATRICE ROBERTS | CIVIL ACTION NO. 05-1556 |
| VERSUS | JUDGE ROBERT G. JAMES |
| DAVID CARDELL OATIS AND WANDA SUE JAMES OATIS | MAG. JUDGE KAREN L. HAYES |

## OPINION

Pending before this Court is an Appeal [Docs. No. 1 & 4], brought by Dennis Roberts and Beatrice Roberts ("Appellants") against David Cardell Oatis and Wanda Sue James Oatis ("Appellees"). Appellants appeal a July 21, 2005 Order of the United States Bankruptcy Court for the Western District of Louisiana ("Bankruptcy Court") in the Chapter 13 bankruptcy proceeding of Appellees, captioned "In re: David Cardell Oatis, Jr. and Wanda Sue James Oatis," Case No. 04-32577. For the following reasons, the Bankruptcy Court's Order is AFFIRMED, and Appellants' Appeal is DISMISSED.

I. FACTS AND PROCEDURAL HISTORY

This controversy arises from the Bankruptcy Court's dismissal of Appellees' Chapter 13 bankruptcy case, in which Appellants were unsecured creditors.

Approximately seven (7) years ago, Appellants filed suit in the Fourth Judicial District Court, Ouachita Parish, Louisiana, against Appellee, David Oatis, and his employer, Lifeline Ministries ("Lifeline"), seeking compensatory damages for two acts of sexual battery committed by Mr. Oatis against Mrs. Roberts. The case was tried to a jury for two weeks beginning May 17, 2004, and resulted in a judgment against Mr. Oatis in the amount of $105,000 plus judicial interest and costs. The judgment was signed on June 14, 2004, and recorded in the mortgage records of Ouachita Parish

1

on July 16, 2004.

On October 12, 2004, Appellees filed for bankruptcy protection under Chapter 13.[1] Once Appellees filed bankruptcy, under the automatic stay provisions of 11 U.S.C. § 362 Appellants could not seek to enforce their judgment against Mr. Oatis.

The first meeting of creditors was held on January 18, 2005. The Trustee, Gene Hastings, and the attorney for Appellants, Thomas Grant, questioned Appellees about the inclusion of all assets and liabilities on the schedules attached to their Chapter 13 petition. Appellees confirmed that they had included all assets and liabilities and that they had not disposed of any assets or liabilities within the thirty-six (36) months prior to filing bankruptcy (other than those listed).

Following the meeting of creditors, Appellants contend that they learned that Mr. Oatis had an undisclosed 33% interest in a limited liability corporation named HMO Properties, LLC ("HMO"). Appellants contend that HMO acquired and sold a certain tract of land located at 300 Apple Street, Monroe, Louisiana, which resulted in income to the HMO and, in turn, to Mr. Oatis.

Appellants further contend that someone (whom they do not identify) contacted one of the members of HMO, Sal Miletello, on February 16, 2005, attempting to obtain more information about Mr. Oatis's connection to HMO. Mr. Miletello was supposedly told that Mr. Oatis had failed to disclose his interest in HMO and that information was sought from Mr. Miletello in order to oppose confirmation of Appellees' Chapter 13 plan. Mr. Miletello allegedly stated that he would tell Mr. Oatis about the inquiry.

Appellants did not move to take the depositions of Appellees, file a motion to involuntarily convert Appellees' Chapter 13 bankruptcy to a Chapter 7 bankruptcy, file an adversary claim, or file any other pleading with the Bankruptcy Court notifying it of Appellees' alleged fraud or improper

---

[1] If Appellees had filed for protection two days later, Appellants would have been secured creditors to the extent that Appellees had any equity in their real estate.

2

actions.

On March 8, 2005, Appellees moved to dismiss their Chapter 13 case under the provisions of 11 U.S.C. § 1307(b). Appellants argue that Appellees' action was "in direct response to information received from . . . Mr. Miletello and in response to discussions between counsel. Mr. Oatis knew that [Appellants] intended to bring to the Court's attention his acts of fraud and bad faith."

On March 10, 2005, Honorable Stephen V. Callaway signed an order dismissing Appellants' Chapter 13 case. Notice was sent to the parties on March 14, 2005.

On March 18, 2005, Appellants filed a Motion for Rehearing of the Order of Dismissal and a Motion for Conversion ("Motion for Rehearing and Conversion") under 11 U.S.C. § 1307(c).

On April 13, 2005, the Bankruptcy Court held a hearing on Appellants' Motion for Rehearing and Conversion. After oral argument, Judge Callaway denied the Motion for Rehearing and Conversion reasoning that

> at the time the debtors exercised their right to seek dismissal under 11 U.S.C. § 1307(b), there was no timely filed Motion seeking conversion under 11 U.S.C. § 1307(c) [or other pleading raising those issues identified in the Motion for Rehearing and Conversion]. Therefore, in accordance with the jurisprudence cited by the Court[2], IT IS ORDERED:
>
> 1. The Motion for Rehearing is denied; and
> 2. The Motion for Conversion is denied.

April 13, 2005 Order of the Bankruptcy Court [Doc. No. 2, pp. 48-49].

On May 19, 2005, Appellants filed a Motion for Reconsideration of Motion for Rehearing and Motion for Conversion. A hearing was held on this motion on June 30, 2005. On July 21, 2005, the Bankruptcy Court denied Appellants' motion without written reasons.

---

[2] Appellants have failed to file a transcript of the hearing, so the Court does not have the benefit of the jurisprudence cited by the Bankruptcy Court. See [Doc. No. 2-2, p. 24]. The Court can only assume that the parties have provided all relevant jurisprudence.

3

On July 29, 2005, Appellants filed a notice of appeal with the Bankruptcy Court, and the appeal was docketed in this Court on August 18, 2005.

With full briefing by all parties completed, the Court is now prepared to rule on Appellants' appeal.

## II. ISSUE ON APPEAL

Appellants identified four issues in their brief:

(1) Was the Bankruptcy Court correct in denying Appellants' Motion for Rehearing of the Order of Dismissal and Motion for Conversion under 11 U.S.C. § 1307(c)?

(2) Was the Bankruptcy Court correct in denying Appellants' Motion for Reconsideration and request for an evidentiary hearing as to Appellees' fraud, bad faith, and misuse of the Bankruptcy Court?

(3) Does the Bankruptcy Court have the ability, as a matter of law, to convert a Chapter 13 case to a Chapter 7 case under the provisions of 11 U.S.C. § 1307(c) after an ex parte order of dismissal has been signed under the provisions of 11 U.S.C. § 1307(b), when a Motion for Rehearing of the Section 1307(b) order was timely filed?

(4) Does the Bankruptcy Court, as a matter of law, have the ability to prevent a Debtor's flagrant misuse of the bankruptcy process when evidence of fraud and bad faith are not made known to the Court until after the signing of an ex parte order of dismissal under 11 U.S.C. § 1307(b)?

However, Appellants state that the only issue the Court really needs to decide is whether the Bankruptcy Court has "authority . . . to convert a Chapter 13 bankruptcy to a Chapter 7 after an ex parte order of dismissal is entered . . . when a Motion for Reconsideration . . . is timely filed and the

4

Court is placed on notice of the Debtors' acts of fraud, bad faith and abuse of the bankruptcy process." Appellants' Appeal [Doc. No. 4, pp. 10-11].

Appellees contend that the only issue before the Court is "whether the Bankruptcy Court correctly granted [Appellees'] Motion to Dismiss under § 1307(b)." Appellees state that the other issues raised by Appellants were neither addressed nor argued.

The question of law before the Court is the relationship between §§ 1307(b) and 1307(c) of the Bankruptcy Code. The Court has reviewed the record in this matter and concludes that the following issue is properly presented for review: whether the Bankruptcy Court correctly dismissed Appellees' Chapter 13 case pursuant to 11 U.S.C. § 1307(b), and, if so, whether the Bankruptcy Court had the authority to vacate the dismissal order and convert the proceeding to a Chapter 7 case under the provisions of 11 U.S.C. § 1307(c) based on evidence of alleged fraud, bad faith, or abuse of the bankruptcy proceeding.

## III. LAW AND ANALYSIS

### A. Jurisdiction

Jurisdiction to hear appeals from orders of a bankruptcy court is conferred by 28 U.S.C. § 158(a)(1), which provides in part that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees . . . . An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." 28 U.S.C. § 158(a).

### B. Standard of Review

A federal district court reviewing a bankruptcy court's order acts as an appellate court and thus applies the same standard of review generally used by a federal court of appeals. *In re Webb*, 954 F.2d 1102, 1103-04 (5th Cir. 1992). In this case, Appellants seek review of the

Bankruptcy Court's conclusions of law, which are subject to *de novo* review. *Matter of Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000).

### C. Sections 1307(b) and 1307(c) of the Bankruptcy Code

Title 11, United States Code §1307(b) provides as follows:

> On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable."

It appears from the plain language of the statute that a bankruptcy court is required to dismiss a Chapter 13 case on the debtor's request at any time unless the case has been converted.

However, despite the plain language, there is a split among the authority as to whether a debtor's § 1307(b) right to dismiss is truly absolute. Some courts have concluded that the term "shall" is mandatory, and, thus, the courts may not refuse to dismiss a filing upon the request of the debtor, even in the face of a motion to convert. *See, e.g., In re Barbieri*, 199 F.3d 616, 619 (2nd Cir. 1999); *In re Patton*, 209 B.R. 98 (Bankr. E.D. Tenn. 1997); *In re Harper-Elder*, 184 B.R. 403 (Bankr. D.D.C. 1995); *In re Gillion*, 36 B.R. 901 (E.D. Ark.1983).

Other courts, such as those cited by Appellants, have determined that the right of the debtor to dismiss under § 1307(b) is not "absolute," but is limited by the rights of the parties in interest and the Trusteee under § 1307(c) upon a finding of bad faith or fraud. In each of those decisions, however, a § 1307(c) motion to convert was filed prior to the debtor's filing of a motion to dismiss. *See, e.g., In the Matter of Cobb*, No. Civ. A. 99-3193, 2000 WL 17840 at *3, 43 Collier Bankr. Cas.2d 750 (E.D. La. Jan. 11, 2000) ("The Court thus finds that when . . . a creditor has filed a motion to convert a Chapter 13 case on grounds of fraud, and the **motion was filed before the debtor filed a motion to dismiss** under § 1307(b), the bankruptcy court must

conduct a hearing on the merits of the two motions.") (emphasis added); *In re Powers*, 48 B.R. 120, 121 (Bnkr. M.D. La. 1985) (The district court determined that the debtor did not have an "absolute right to dismiss" when a motion to convert had been filed prior to the motion to dismiss and the bankruptcy court had already conducted an evidentiary hearing, revoked the Chapter 13 plan based on evidence of bad faith, and taken the motion to convert under advisement); *In re Cowper*, 266 B.R. 669, 671 (Bankr. W.D. Mich. 2001) ("[W]e conclude that **when a motion to convert is filed prior to a debtor's motion to dismiss**, a hearing should be allowed to consider the merits of the conversion motion before ruling on the debtor's motion to dismiss.")(emphasis added).

In contrast, when the Bankruptcy Court issued the § 1307(b) order dismissing Appellees' Chapter 13 case, it had no notice, through a motion to convert, an adversary complaint, or any other pleading, that there was alleged wrongdoing by Appellees. Thus, the Bankruptcy Court properly dismissed Appellees' Chapter 13 case under § 1307(b).

The Court's review cannot end here, however. The Bankruptcy Court clearly believed that it did not have the authority to act on a motion to convert under § 1307(c) once the motion to dismiss was granted. Therefore, the Court must also address whether the Bankruptcy Court's conclusion of law is correct.

### D. Post-Dismissal Motions for Rehearing and Conversion

No party has cited the Court to a single case addressing the situation where a motion for reconsideration and a § 1307(c) motion to convert are filed after a § 1307(b) motion to dismiss has been filed and granted. The Court has conducted its own research, and it, too, has come away empty-handed.

The Court agrees with Judge Vance of the Eastern District of Louisiana that if a "creditor

has filed a motion to convert a Chapter 13 case on grounds of fraud, and the motion was filed before the debtor filed a motion to dismiss under § 1307(b), the bankruptcy court must conduct a hearing on the merits of the two motions."*Cobb*, 2000 WL 17840 at *3. When the bankruptcy court is presented with dueling motions under § 1307, in the Court's view, a hearing is the only way to resolve the conflict between subsections (b) and (c) and to ensure that there is not an abuse of the bankruptcy process that would constitute "cause" for conversion.

Such is not the case here. No party in interest, including Appellants, had presented the Bankruptcy Court with any allegation or notice that it believed Appellees had acted fraudulently, abusively, or in bad faith. Appellants admit that they were aware of the alleged improper conduct well before Appellees filed their Motion to Dismiss. In fact, if the Court accepts Appellants' version of the facts, they knew for at least twenty days that Mr. Miletello intended to tell Mr. Oatis that he had been questioned about Mr. Oatis' involvement in HMO. Given their alleged concern, they clearly could have filed an adversary claim, motion to convert, or otherwise provided the Bankruptcy Court with some type of notice. The Court can only surmise from the briefs that they did not do so because their concern was in working out a settlement.

When a bankruptcy court has no notice of alleged fraud by a debtor prior to the filing of the debtor's motion to dismiss, then this Court finds that the plain language of § 1307(b) applies. Once an order of dismissal is entered, it is final[3], and the bankruptcy court is not authorized to

---

[3]Appellants have argued strenuously that the Bankruptcy Court's order of dismissal was not "final" because the time for filing a motion for reconsideration under Bankruptcy Rule 9023 had not passed. However, Bankruptcy Rule 9023 merely adopts Federal Rule of Civil Procedure 59. A motion to alter or amend judgment under Rule 59 "challenges the correctness of the judgment," but does not affect the **finality** of the judgment. *In re Stangel*, 68 F.3d 857, 859 n.1 (5th Cir. 1995) (citation omitted). The Court further notes that Appellants appealed the July 21, 2005 order denying Appellant's Motion for Reconsideration of Motion for Rehearing and Motion for Conversion. The Bankruptcy Court's order of dismissal was clearly final at that time.

vacate that order on the basis of a post-dismissal motion for reconsideration and conversion. Otherwise, the language of § 1307(b) becomes meaningless, requiring a hearing on every motion to dismiss if, after the fact, a creditor raises some allegation of fraud or other improper conduct, which might or might not constitute "cause" for conversion under § 1307(c).

Finally, while not dispositive, the Court notes that there is no assurance that the Bankruptcy Court would have determined that conversion was in the best interest of the estate, even if it were in the best interest of Appellants. Even in the face of allegations of bad faith, abuse, or fraud, the Bankruptcy Court might have concluded on its own that dismissal was the appropriate remedy in this case. Appellants were not left without remedies because of the dismissal of Appellees' Chapter 13 case. The automatic stay is no longer in effect as a result of the dismissal. Therefore, Appellants are free to pursue, and apparently have pursued, state court remedies against Appellees.

## IV. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's Order of July 21, 2005, is AFFIRMED, and Appellants' appeal is DISMISSED.

MONROE, LOUISIANA, this 17 day of January, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE